

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEYSTONE GLOBAL LLC,

                    Plaintiff,

v.

PLAZA AUTO LEASING, PLAZA
AUTOMALL, LTD., AND DEALS ON THE
CLOUD INC.,

                    Defendants.

-cv-

COMPLAINT

Jury Trial Demanded

## The Parties

1. Plaintiff is a New York limited liability Company with a place of business at 75A Lake Road, # 111, Congers, NY 10920.

2. Upon information and belief, Defendant Plaza Auto Leasing is a New York corporation with a principal place of business at 2750 Nostrand Avenue, Brooklyn, NY 11210.

3. Upon information and belief, Defendant Plaza Automall, Ltd. is a New York corporation with a principal place of business at 2740 Nostrand Avenue, Brooklyn, NY 11210.

4. Upon information and belief, Defendant Deals on the Cloud Inc. is a New York corporation with a principal place of business at 4403 15th Avenue, Suite 280, Brooklyn, NY, 11219.

## Nature Of Action

5. This is an action for infringement of two patents, U.S. Pat. Nos. 7,866,715 and 8,047,601, under 35 U.S.C. § 271.

6.      This is further an action for trademark infringement under section 32 of the Lanham Act, 15 U.S.C. § 1114.

## Jurisdiction And Venue

7.      Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 1338.

8.      Personal jurisdiction is proper under CPLR § 301, as all Defendants reside within New York State.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## Facts

10.     Plaintiff is owner of U.S. Pat. Nos. 7,866,715 and 8,047,601 (the "Patents-In-Suit").

11.     The Patents-In-Suit are directed to generally protective devices for vehicles. The Patents-In-Suit generally claim protective devices for vehicles, the devices comprising in part stabilizer blocks disposed on and/or formed integrally with the base of the device. As disclosed and claimed in the Patents-In-Suit, the stabilizer blocks may be "in the form of a protrusion or raised edge" that is "of sufficient rigidity, thickness, width, and length to reduce curling of the rear bumper protective cover."

12.     Plaintiff, through licensee, sells commercial embodiments of the Patents-In-Suit, which are marked in accordance with 35 U.S.C. § 287.

13.     Defendant Deals On Cloud Inc. manufacturers and/or imports for distribution and resale certain protective devices for vehicles (the "Infringing Product"). The Infringing Product includes all elements of one or more claims from each of the Patents-In-Suit, including without limitation the elements concerning the stabilizing block located (i) on the outside face of the

bumper protector which protrudes from the top portion of the base layer, and (ii) sharing a common line with the top edge of the bumper protector.

14. Upon information and belief, Defendants Plaza Auto Leasing and Plaza Automall, Ltd., purchase the Infringing Product from Defendant Deals On Cloud Inc. for retail sale and distribution.

15. Defendants offer for sale, sell and otherwise distribute the Infringing Product without Plaintiff's consent or other right to do so.

16. Plaintiff is owner of the mark BUMPERBULLY, U.S. Registration Number 4,148,874, for protective covers for vehicle bumpers in class 012.

17. Defendants Plaza Auto Leasing and Plaza Automall, Ltd., offer for sale, sell and otherwise promote to consumers the Infringing Product under the brand BUMPER BULLY without Plaintiff's consent or other right to do so.

18. On March 25, 2014 and December 26, 2014, Plaintiff sent letters to Defendants Plaza Auto Leasing and Plaza Automall, Ltd. informing these Defendants of their infringement of the Patents-In-Suit and further of their unauthorized use of the BUMPER BULLY mark.  The letters included, *inter alia*, copies of the Patents-In-Suit, copies of trademark registrations for the BUMPER BULLY mark, and demands that Defendants cease and desist infringing activities.

19. Upon information and belief, Defendants Plaza Auto Leasing and Plaza Automall, Ltd. forwarded copies of the December 26, 2014 letter to Defendant Deals On Cloud Inc.

20. On January 13, 2015, all Defendants jointly responded to the December 26, 2014 letter by way of a letter from their joint counsel.  In the January 13, 2015 letter, Defendants refused to discontinue their respective patent and trademark infringement.

21. Defendants continue to import, offer for sale, sell and distribute the Infringing Product, in part in conjunction with the BUMPER BULLY mark.

## First Count
## Patent Infringement As To All Defendants

22. Plaintiff realleges the allegations contained in the above paragraphs as if stated fully herein.

23. By virtue of importing, offering for sale, selling and distributing the aforementioned products, each Defendant infringes each of the Patents-In-Suit in violation of 35 U.S.C. § 271.

24. Each Defendant, having been put on actual and constructive notice of Plaintiff's patent rights, and each further continuing to infringe such rights, have willfully and intentionally infringed Plaintiff's Patents-In-Suit.

25. Plaintiff has been and continues to be harmed by such infringement.

## Second Count
## Trademark Infringement As To Defendants
## Plaza Auto Leasing And Plaza Automall, Ltd.

26. Plaintiff realleges the allegations contained in the above paragraphs as if stated fully herein.

27. By virtue of their unauthorized use of the BUMPER BULLY mark, Defendants Plaza Auto Leasing and Plaza Automall, Ltd. have infringed Plaintiff's registered trademark rights in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

28. Plaintiff has been and continues to be harmed by such infringement.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor Plaintiff:

a. awarding actual damages to Plaintiff for each Defendant's patent infringement under 35 U.S.C. § 284, in an amount to be determined, but in no event less than a reasonable royalty;

b. awarding exemplary damages to Plaintiff in an amount equal to three times the actual damages and profits awarded pursuant to 35 U.S.C. § 284;

c. awarding Plaintiff its costs and attorneys' fees pursuant to 35 U.S.C. § 285;

d. permanently enjoining each Defendant pursuant to 35 U.S.C. § 283 from importing, offering for sale and selling any product which infringes plaintiff's patent rights;

e. awarding actual damages to Plaintiff for Defendants Plaza Auto Leasing's and Plaza Automall, Ltd.'s trademark infringement pursuant to section 35 of the Lanham Act, 15 U.S.C. § 1117(a);

f. awarding Plaintiff its costs and attorney's fees pursuant to section 35 of the Lanham Act 15 U.S.C. § 1117(a);

g. ordering the destruction of infringing articles pursuant to section 34 of the Lanham Act, 15 U.S.C. § 1116(a);

h. permanently enjoining further infringement by Defendants pursuant to section 34 of the Lanham Act, 15 U.S.C. § 1116(a); and

i. providing all other equitable relief that the Court deems just and proper.

Dated: January 15, 2015

                                      Plaintiff Keystone Global LLC
                                      by its attorney,

                                      _____
                                      Jeffrey Sonnabend (JS1243)
                                      SonnabendLaw
                                      600 Prospect Avenue
                                      Brooklyn, NY 11215-6012
                                      718-832-8810
                                      JSonnabend@SonnabendLaw.com